**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Kyle Bell, | ) | |
| | ) | **ORDER GRANTING STATE OF NORTH** |
| Petitioner, | ) | **DAKOTA'S MOTION TO DISMISS AND** |
| | ) | **DENYING PETITION FOR WRIT OF** |
| vs. | ) | **HABEAS CORPUS** |
| | ) | |
| State of North Dakota, | ) | Case No. 1:08-cv-022 |
| | ) | |
| Respondent. | ) | |

_____

## I.    BACKGROUND

In 1995, the petitioner, Kyle Bell, pled guilty in Cass County, North Dakota, District Court to two counts of gross sexual imposition and two counts of using a minor in a sexual performance, all class B felonies.  See Docket No. 11, ex. 1.  Bell attempted to withdraw his pleas of guilty but his request was denied by the state trial court.  On November 30, 1995, the North Dakota Supreme Court affirmed the trial court's refusal to allow Bell to withdraw his guilty pleas and also affirmed the conviction and the trial court's imposition of consecutive ten-year prison terms on three of the offenses and supervised probation on the fourth offense.  State v. Bell, 540 N.W.2d 599, 600-601 (N.D. 1995).

In February 1996, Bell sought post-conviction relief. The trial court dismissed his application and an appeal followed. The North Dakota Supreme Court affirmed the trial court.  Bell v. State, 575 N.W.2d 211 (N.D. 1998).  Bell then filed a second application for post-conviction relief which the trial court dismissed, and Bell appealed to the North Dakota Supreme Court.  On November 2, 2001, the Supreme Court affirmed the trial court's dismissal of the second application for post-conviction relief.  Bell v. State, 639 N.W.2d 706 (N.D. 2001).

In 1998, Bell was charged in North Dakota state court with the murder of Jeanna North.  The murder occurred on or about June 28, 1993, in Cass County, North Dakota.  In August 1999, a jury found Bell guilty of the murder of North.  Bell was sentenced to life imprisonment but is eligible for parole after thirty years.  See Docket No. 11, ex. 6.  Bell appealed the murder conviction but he escaped while the appeal was pending.  Thereafter, the trial court dismissed the appeal.  On March 21, 2000, the North Dakota Supreme Court upheld the dismissal based on the fugitive dismissal rule.  State v. Bell, 608 N.W.2d 232 (N.D. 2000).

Bell then applied for post-conviction relief on the murder conviction.  The trial court summarily dismissed Bell's post-conviction application and another appeal followed.  On December 5, 2004, the North Dakota Supreme Court affirmed the dismissal.  Bell v. State, 636 N.W.2d 438 (N.D. 2001).

In 1998, Bell filed a petition in federal court for habeas corpus relief under 28 U.S.C. § 2254 to challenge the state court convictions on the charges of gross sexual imposition and using a minor in a sexual performance.  This Court denied the petition.  See Bell v. State of North Dakota, A1-98-078 (sealed file).  In 2002, Bell filed another petition for Section 2254 relief challenging the same convictions.  See Bell v. Schuetzle, United States Dist. Court No. 1:02-cv-07 (A1-02-007).  This Court required Bell to comply with the second or successive petition requirements of 28 U.S.C. § 2244 and apply to the Eighth Circuit Court of Appeals for permission to file a second or successive application.  The Court of Appeals denied the application.  See Bell v. Schuetzle, Eighth Circuit Court of Appeals, Case No. 02-1439; Doc. No. 9.

In 2002, Bell also filed a separate application for Section 2254 relief challenging his murder conviction.  This action was filed at the same time Bell filed an application challenging the

convictions on the charges of gross sexual imposition and using a minor in a sexual performance. Bell v. Schuetzle, United States Dist. Court No. 1:02-cv-08 (A1-02-008). Bell's petition challenging the murder conviction contained eleven different claims. The federal magistrate judge determined that part of one of the claims failed to allege a constitutional violation, part of one claim and four other claims were unexhausted, and ten of the claims and part of one claim were procedurally barred. See Docket No. 11, ex. 9. This Court adopted the Report and Recommendation and judgment was entered accordingly on September 11, 2002. See Docket No. 11, ex. 10. No appeal was taken from that judgment.

Finally, on February 7, 2008, Bell filed the current petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his incarceration at the United States Penitentiary in Florence, Colorado.

II.   **LEGAL DISCUSSION**

    A.   **THE DISTRICT COURT LACKS JURISDICTION TO CONSIDER BELL'S PETITION WHICH IS BARRED AS A SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2244**

Habeas corpus proceedings in federal court are civil actions contesting the legality of restraint on one's personal liberty when circumstances are presented which demonstrate the infringement of important constitutional rights. Grant v. Swenson, 313 F. Supp. 1117 (E.D. Mo. 1970). The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs these post-conviction proceedings. 28 U.S.C. § 2244. Bell's present petition for a writ of habeas corpus was filed on February 7, 2008. Bell is a state prisoner challenging the execution of his sentence. It is undisputed

that the petition is subject to the provisions of the AEDPA, including the second or successive petition prohibitions <u>and</u> the one-year statute of limitations.  <u>See</u> 28 U.S.C. § 2244(b) and (d).

As noted above, Bell's state court convictions for which he is now incarcerated in federal prison have been the subject of prior habeas petitions.  This Court adopted a Report and Recommendation and dismissed Bell's last Section 2254 application in September 2002.  The claims were unexhausted and procedurally barred.  The Court also denied the issuance of a certificate of appealability.  <u>See</u> Docket No. 11, ex. 10.  A dismissal on the grounds of procedural default constitutes a decision on the merits.  Therefore, Bell's present petition for habeas relief is a second or successive petition.  <u>Shaw v. Delo</u>, 971 F.2d 181, 184 (8th Cir. 1992); <u>Graham v. Costello</u>, 299 F.3d 129, 133 (2d Cir. 2002); <u>In re Cook</u>, 215 F.3d 606, 608 (6th Cir. 2000); <u>Carter v. United States</u>, 150 F.3d 202, 205-06 (2d Cir. 1998).

The AEDPA imposes three basic requirements on successive habeas petitions: first, any claim that has already been adjudicated in a previous petition must be dismissed; second, any new claim that was not already adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; and, finally, before a district court can accept a successive habeas petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet AEDPA's new-rule or actual-innocence provisions.  <u>Williams v. Chatman</u>, 510 F.3d 1290 (11th Cir. 2007).

28 U.S.C. § 2244(b)(1) requires that before a second or successive petition is filed in federal district court, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).  It is clear

and undisputed that Bell's petition is subject to the gate-keeping requirements of 28 U.S.C. § 2244(b)(3) and (4).

28 U.S.C. § 2244(b)(3)(C) allows a court of appeals to authorize the filing of a second or successive habeas petition only if it determines that the petitioner makes a prima facie showing that the application satisfies the requirements of this subsection.

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

Tyler v. Cain, 533 U.S. 656, 661-62 (2001).

"Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If so, the claim must be dismissed; if not, the analysis proceeds to whether the claim satisfies one of two narrow exceptions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Bell now asserts some claims that were not presented in his previously dismissed petition from 2002 challenging his murder conviction, and from which no appeal was taken. Therefore, the analysis proceeds to whether his present claim satisfies the exceptions set forth in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B).

Prior to the enactment of the AEDPA, the United States Supreme Court stated that a habeas petitioner who files a writ of habeas corpus abuses the writ if he raises new claims in a current petition that could have been raised in the first petition. McCleskey v. Zant, 499 U.S. 467, 489

(1991).  "[T]he interpretation of 'second or successive' involves the application of pre-AEDPA abuse-of-the-writ principles."   Crouch v. Norris, 251 F.3d at 723 (citing Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998)).  The Eighth Circuit has stated as follows:

> Second, § 2244(b)(2) provides that claims that were not presented in the earlier habeas application "shall be dismissed" unless they rely on a new, retroactive, previously unavailable rule of constitutional law, or unless their factual predicate could not have been discovered previously through the exercise of due diligence and, if proved, they would establish petitioner's innocence.  This is a more restrictive standard than the cause and  prejudice/actual innocence standard for excusing abuse of the writ under prior law.  See United States v. Fallon, 992 F.2d 212, 213 (8th Cir. 1993) (construing McCleskey v. Zant [499 U.S. 467 (1991)]).  Vancleave does not argue that any of his new claims meet this exacting standard.  Our independent review of these claims confirms that they would have to be dismissed under § 2244(b)(2) and therefore do not warrant authorization to file a second or successive petition.

Vancleave v. Norris, 150 F.3d 926, 929 (8th Cir. 1998).

In his present habeas petition filed on February 7, 2008, Bell presents two different theories as a basis for his first ground for relief:  (1) he was denied due process when the state trial court dismissed his appeal because of the escape; and (2) he was wrongfully transferred to a federal prison.  For his second ground, Bell claims that he was denied equal protection of the law and due process when he was transferred to a federal prison.  For his third ground, Bell claims that it is cruel and unusual punishment to hold him in a federal prison when he was originally sentenced to a state prison in North Dakota.  The record reveals that Bell did not present these claims in his previous habeas petitions.  Therefore, unless Bell meets the narrow exceptions and requirements of 28 U.S.C. § 2244(b)(2), the present petition is barred as a second or successive habeas corpus application.

There is no indication from the record that Bell relies on a new rule of constitutional law that has been made retroactive to cases on collateral review by the United States Supreme Court regarding

the dismissal of his appeal and his transfer to, and continuing placement in, a federal prison.  The Court finds that the requirements of 28 U.S.C. § 2244(b)(2)(A) have not been met and, as a result, this narrow exception is not triggered.

The record also reveals that Bell cannot show that the factual predicate of the dismissal of his appeal based on the fugitive dismissal rule, and his transfer to, and continuing placement in, a federal prison, could not have been previously discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(b)(2)(B)(I).  This is another narrow exception that, if triggered, would avoid dismissal of the petition.  As a practical matter, there is no way Bell could not have known the factual predicate for the dismissal of his earlier appeal.

It is undisputed that Bell escaped from state prison on October 13, 1999.  State v. Bell, 608 N.W.2d 232 (N.D. 2000).  By his own account, Bell was a fugitive from justice for approximately eighty-eight days.  See Doc. 1, pp. 5, 7.  On January 11, 2000, after Bell was captured, he was taken to the United States Penitentiary in Florence, Colorado.  On March 21, 2000, the state trial court dismissed Bell's appeal in the murder case based on the fugitive dismissal rule.  State v. Bell, 608 N.W.2d 232 (N.D. 2000).  Bell then sought post-conviction relief in two separate cases in Cass County state district court.  The trial court dismissed both petitions and Bell appealed both cases to the North Dakota Supreme Court.  The Supreme Court affirmed the dismissal of one case on November 2, 2001, Bell v. State, 639 N.W.2d 706 (N.D. 2001), and the other case was dismissed on December 5, 2001.  Bell v. State, 636 N.W.2d 438 (N.D. 2001).  Thereafter, Bell filed two petitions in federal court for habeas relief under 28 U.S.C. § 2254.  Bell was an inmate in the federal prison in Florence, Colorado, when he filed the Section 2254 petitions in January 2002.  The Court finds that Bell obviously knew the factual predicate for the claims asserted in his present petition as early

as January 2000, when he was captured and transferred to a federal prison in Colorado. And Bell certainly knew the factual predicate for the claims by no later than March 2000 when the North Dakota Supreme Court affirmed the dismissal of his appeal and request for post-conviction relief.

In addition, Bell cannot show that the facts underlying his present claims would establish by clear and convincing evidence that, absent constitutional error, no reasonable jury would have found him guilty of the offense of murder. See 28 U.S.C. § 2244(b)(2)(B)(ii). The Court finds that Bell has wholly failed to present any basis for relief under the narrow exceptions set forth in 28 U.S.C. § 2244(b)(2) which would allow for the pursuit of a habeas petition in federal court.

It is well-established that if a prisoner files a successive habeas corpus petition in federal district court without having obtained authorization to do so from the Court of Appeals, the district court must dismiss the case for want of subject matter jurisdiction. Hernandez v. Wallace, 524 F. Supp.2d 1097 (E.D. Wis. 2007). The Court finds that Bell's February 2008 petition for a writ of habeas corpus is an abuse of the writ and is barred as a second or successive petition under 28 U.S.C. § 2244. Bell is required to obtain an order from the Eighth Circuit Court of Appeals which would authorize this Court to consider a second or successive application for a writ of habeas corpus by a person in state custody. This he has failed to do. As a result, this Court lacks jurisdiction to consider Bell's second or successive application. Burton v. Stewart, 549 U.S. 147 (2007).

## B.   BELL'S CLAIMS ARE TIME-BARRED UNDER 28 U.S.C. § 2244(d).

As previously noted, the record reveals that Bell escaped from state custody on October 13, 1999, while being transported to an Oregon state correctional facility. State v. Bell, 608 N.W.2d 232 (N.D. 2000). Bell was a fugitive from justice for approximately eighty-eight days. On January 11,

2000, after Bell was captured, he was taken to the United States Penitentiary in Florence, Colorado. The state trial court dismissed Bell's appeal in the murder case based on the fugitive dismissal rule on March 21, 2000. State v. Bell, 608 N.W.2d 232 (N.D. 2000). The state trial court affirmed the dismissal of one of Bell's post-conviction applications on November 2, 2001. Bell v. State, 639 N.W.2d 706 (N.D. 2001). The North Dakota Supreme Court affirmed the dismissal of Bell's other application for post-conviction relief on December 5, 2001. Bell v. State, 636 N.W.2d 438 (N.D. 2001). Bell's application for Section 2254 relief in federal court was dismissed on September 11, 2002, and no further appeals or requests for review were taken from the judgment. See Docket No. 11, ex. 10.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

9

>   (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitation period under 28 U.S.C. § 2244(d) "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004); see Dulworth v. Evans, 442 F.3d 1265, 1267-68 (10th Cir. 2006); Cook v. New York State Div. of Parole, 321 F.3d 274, 279-80 (2d Cir. 2003); Wade v. Robinson, 327 F.3d 328, 330-31 (4th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 363 (5th Cir. 2002); Neugebauer v. Fox, 2008 WL 824272 (D.N.D. March 10, 2008). Bell was placed in the maximum security United States Penitentiary in Florence, Colorado, as a result of an administrative decision of the warden of the North Dakota State Penitentiary. See Docket No. 11, ex.'s 14-15. The Court finds that the one-year limitation period clearly applies to Bell's petition for habeas relief.

The one-year limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). **Bell arrived at the federal penitentiary in Florence, Colorado, on or about January 11, 2000. Thus, it has been more than eight years since Bell was placed at the federal prison**. Even assuming for the sake of argument that Bell's two state post-conviction applications and subsequent appeals to the North Dakota Supreme Court may have tolled the one-year statute of limitations period, the Supreme Court affirmed the dismissal of one of the state post-conviction applications on November 2, 2001. See Bell v. State, 639 N.W.2d 706 (N.D. 2001). The dismissal of Bell's second post-conviction application was upheld by the North Dakota Supreme Court on December 5, 2001. See Bell v. State, 636 N.W.2d 438 (N.D. 2001). More than six (6)

years have now passed since those two North Dakota Supreme Court decisions became final and the filing of Bell's present habeas petition in federal court.  Bell never pursued any further review of those final judgments nor of the judgments in federal court.  Even if this Court were to give Bell the benefit of every possible doubt and strain to give him credit for every possible day that may have arguably tolled the running of the one-year limitation period, his petition for a writ of habeas corpus would still be time-barred.

Finally, there is no basis to assert that the doctrine of equitable tolling applies.  After the North Dakota Department of Corrections transferred Bell to a federal prison in Colorado, he brought two state post-conviction applications and two 28 U.S.C. § 2254 petitions for habeas relief in federal court.  See Bell v. State, 639 N.W.2d 706 (N.D. 2001); Bell v. State, 636 N.W.2d 438 (N.D. 2001); Bell v. Schuetzle, United States District Court, Case No. 1:02-cv-07 (A1-02-007); Bell v. Schuetzle, United States District Court, Case No. 1:02-cv-08 (A1-02-008).  "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."  Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

The Court finds that Bell's post-conviction state applications, and his previously-filed federal habeas petitions, clearly show that he was not in any manner prohibited or impeded from challenging the dismissal of his appeal or his transfer to, and continuing placement in, a maximum security federal prison.  Bell has had many years to challenge his confinement in federal prison and the window of opportunity to do so in a federal habeas proceeding has now closed.  Bell cannot establish "the necessary diligence and extraordinary circumstance warranting equitable tolling."  Finch v. Miller, 491 F.3d 424, 428 (8th Cir. 2007).

III.    **CONCLUSION**

For the reasons set forth above, the petitioner, Kyle Bell, is not entitled to any relief on his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1).  Bell's present habeas petition is a second or successive petition over which this Court lacks jurisdiction to consider. In order to pursue a second or successive application, Bell must obtain an order from the Eighth Circuit Court of Appeals authorizing the consideration of the petition as required under 28 U.S.C. § 2244(b)(3) and (4).

In the alternative, the Court finds as a matter of law that Bell's petition for habeas relief filed on February 7, 2008, is time-barred.  Bell arrived at the federal prison in Florence, Colorado, in January 2000.  The gist of Bell's petition is that he is "being forced to serve a state sentence in a federal prison."  See Docket No. 12, p. 3.  Bell has been fully aware of his status as a state inmate in a federal prison since January 2000.  There is a one-year limitation period under 28 U.S.C. § 2244 which applies to Bell's habeas application.  The one-year period to seek relief in a habeas action expired long ago.  Bell's petition for habeas corpus relief is, without question, time-barred.  The Court finds that Bell is not entitled to post-conviction relief and his placement in a maximum security federal prison is appropriate and cannot be challenged in this proceeding.  The State of North Dakota's Motion to Dismiss (Docket No. 9) is granted.

Dated this 29th day of July, 2008

*/s/ Daniel L. Hovland*_____
Daniel L. Hovland, Chief Judge
United States District Court

12